UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$69,465.00 IN UNITED STATES )<br>CURRENCY, More or less, )<br>)<br>Defendant. )<br>_____ ) | Case No. 21- 01271 |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Duston J. Slinkard, Acting United States Attorney for the District of Kansas, and Scott Anderson, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.  This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $69,465.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

**THE DEFENDANT IN REM**

2.  The defendant property consists of: $69,465.00 in United States currency, more or less, that was seized by the Kansas Highway Patrol on or about August 28, 2021 during a traffic stop of a 2015 GMC Yukon on I-70 near milepost 222 in Ellsworth County, in the District of Kansas.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney

_____
SCOTT L. ANDERSON
Special Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: scott.anderson2@usdoj.gov
Ks. S. Ct. No. 26095

## DECLARATION

I, Dana C. Suchma, Special Agent, Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of October, 2021.

10-25-2021

Special Agent Dana C. Suchma
DEA

AFFIDAVIT

I, Dana C Suchma, being first duly sworn, depose and state:

1. Your affiant is a Special Agent with the United States Drug Enforcement Administration (DEA), United States Department of Justice currently assigned to the Kansas City District Office, Kansas Highway Interdiction Task Force. I have been so employed by DEA since March 1997. Before joining the DEA, I conducted background and suitability investigations for the federal government. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeiture thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On August 28, 2021 at approximately 3:59 A.M., Kansas Highway Patrol (KHP) Lieutenant Justin Rohr observed a black 2015 GMC Yukon bearing Illinois license plate number CX-21444 on westbound Interstate 70 near milepost 222 in Ellsworth County, Kansas. The speed of the vehicle was checked as traveling 81 miles per hour in a posted 75 miles per hour zone. After the vehicle passed Lieutenant Rohr, Lieutenant Rohr conducted a traffic stop on the vehicle near milepost 221 on westbound Interstate 70 in Ellsworth County, Kansas. A computer inquiry on Illinois license plate number CX-21444 shows that license plate to be registered

to a 2015 GMC in the name James A. LURZ, 302 West Darr Street, Fairfield, Illinois 62837.

4. Lieutenant Rohr contacted the driver who was identified as Joshua L. Smothers by his Illinois drivers license and informed Smothers of the reason for the stop. The sole passenger, who did not have any identification, was identified as Trevor J. Edwards. Edwards advised he and Smothers were in transit to Denver, Colorado for a weekend trip for dirt track racing and appeared nervous explaining this. During this conversation, Smothers was using a vape pen that Lieutenant Rohr knows could be used to cover odors of an illegal substance.

5. Lieutenant Rohr had dispatch run both subjects and was advised Smothers and Edwards had prior drug related arrests. Lieutenant Rohr issued Smothers a warning for the speed, explained the warning, asked if there were any questions, and advised Smothers and Edwards to have a safe trip. Lieutenant Rohr began to walk back towards his patrol car and then re-approached the vehicle and made contact with Edwards. Lieutenant Rohr asked Edwards if he could ask him some questions, but Edwards advised he would rather continue his trip. Based on various indicators of criminal activity, to include but not limited to, the registered owner not being present, traveling overnight to avoid law enforcement, Edwards' nervousness and answering questions for Smothers, the use of the vape pen, and Smothers' and Edwards' criminal history involving drugs, Lieutenant Rohr advised Smothers and Edwards

they were being detained to deploy Lieutenant Rohr's Police Service Dog (PSD).

6. Lieutenant Rohr's PSD Gizmo was deployed around the vehicle and alerted to the presence of a drug odor at the rear of the vehicle. Smothers and Edwards advised there were not any illegal drugs or large amounts of United States currency (USC) inside the vehicle. Lieutenant Rohr searched the vehicle and located seven (7) rubber banded bundles of USC inside a black zippered bag inside a hard sided suitcase in the back of the vehicle.

7. After discovering the USC, Lieutenant Rohr placed Smothers in handcuffs and instructed Edwards to follow Lieutenant Rohr to Troop C in Salina, Kansas. Smothers and Edwards were advised of their Miranda warning but declined to answer questions. Lieutenant Rohr provided Smothers and Edwards evidence receipts for the USC. Smothers and Edwards both advised the USC did not belong to them. Smothers and Edwards were released pending further investigation.

8. Lieutenant Rohr, assisted by Master Trooper Levi Flemming, performed a screening on the USC at Troop C in Salina, Kansas. PSD Gizmo alerted to the presence of a drug odor emanating from the USC. The USC was transported to the Sunflower Bank in Salina, Kansas where an official count determined the USC to be $69,465.00.

9. On September 2, 2021, your Affiant spoke with Department of Homeland Security (DHS) Homeland Security Investigations (HSI) Special Agent Ryan Morris of the Fairview Heights, Illinois

Resident Office regarding Edwards. S/A Morris advised that he has an active money laundering investigation involving Edwards being prosecuted out of the Southern District of Illinois. S/A Morris identified a USC seizure in New Mexico and a marijuana seizure in Omaha, Nebraska that were associated with Edwards and indicated that the two (2) subjects arrested in Omaha, Nebraska were couriers for Edwards. Follow up by your Affiant revealed the following pertinent information:

   a. On July 27, 2020, HSI agents in New Mexico responded to a vehicle stop conducted by the Bureau of Indian Affairs (BIA). A consent search of the vehicle, registered to Edwards who was not present, resulted in the discovery and seizure of $145,615.00 USC. The occupants of the vehicle disclaimed ownership of the USC. On August 6, 2020, HSI agents from Springfield, Illinois interviewed Edwards who denied ownership of the USC.

   b. On January 16, 2021, officers from the DEA Omaha Division were conducting drug interdiction duties at the Amtrak station in Omaha, Nebraska after receiving information from the Amtrak Police about the itinerary for two (2) passengers, Donavon Allen Lurz and Stephen Gavins. Lurz and Gavins were traveling on one way tickets that were purchased by Edwards. The total cost of tickets was $1,053.00. A probable cause search of four (4) suitcases belonging to Lurz and Gavins was conducted that resulted in the seizure of approximately 38 kilograms of suspected

marijuana. Lurz provided the address 302 West Darr Street, Fairfield, Illinois. *It should be noted that the registered owner of the vehicle in which Edwards and Smothers were stopped on August 28, 2021 in Ellsworth County, Kansas was registered to James A. Lurz, 302 West Darr Street, Fairfield, Illinois 62837.*

10. Based upon the information set out above, Affiant has probable cause to believe that the $69,465.00.00 seized by the Kansas Highway Patrol constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et. seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 853 and 881.

9-10-2021

Special Agent Dana C Suchma
DEA

Sworn to and subscribed before me this 10th day of September 2021

Notary Public

My Commission Expires: 3/23/2022

NOTARY PUBLIC
STATE OF KANSAS
SANDRA K STOECKLEIN
My Commission Expires 3/23/2022